IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEITH AVERY BROOKS                         *

  v.                                             *        Civil No. CCB-14-1804

WARDEN FRANK B. BISHOP, JR., *et al.*   *

******

**MEMORANDUM**

On June 5, 2014, petitioner Keith Avery Brooks filed the instant 28 U.S.C. § 2254 petition challenging his conviction for first degree rape, first degree sexual offense, and assault entered in 1997 in the Circuit Court for Baltimore County.[1] ECF No. 1. Respondents filed an answer, which solely addresses the timeliness of petitioner's petition. ECF No. 5. The court advised petitioner of his opportunity to file a reply. ECF No. 6. This he has done. ECF No. 7.

Petitioner was convicted by the Circuit Court for Baltimore County, Maryland of first degree rape, first degree sexual offense, and assault in April of 1997. ECF No. 5, Exs. 1 & 2. He was sentenced to life in prison plus ten years. *Id*. Petitioner filed a timely appeal. The Court of Special Appeals affirmed petitioner's conviction and sentence in an unreported opinion filed on March 6, 1998. *Id*. at Ex. 2. The Court of Appeals denied petitioner's petition for writ of certiorari on June 25, 1998. *Id*. He did not seek further review with the United States Supreme Court. Accordingly, his conviction became final on September 23, 1998, when the time for seeking such review expired. *See* Sup. Ct. Rule 13.1 (requiring petition for writ of certiorari to be filed within 90 days of entry of judgment from which review is sought).

---

[1] The petition, received on June 5, 2014, is dated May 27, 2014, and is deemed filed on that date. *See United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998).

1

On February 17, 1999, petitioner filed a petition for post-conviction relief under Maryland's Uniform Post-Conviction Procedure Act, Md. Code, Crim. Pro. § 7-102, *et seq*. ECF No. 5, Ex. 1. He withdrew the petition, without prejudice, on May 4, 1999. *Id*. Petitioner filed another petition for post-conviction relief on October 25, 2011, which the circuit court denied in December, 2012. *Id*. The Court of Special Appeals summarily denied petitioner's application for leave to appeal on November 14, 2013, and the court issued its mandate on December 16, 2013. *Id*. at Ex. 3.

Section 2244(d) of Title 28 of the United States Code[2] provides a one-year statute of limitations in non-capital cases for those convicted in a state court proceeding. This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may also be equitably tolled. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328

---

[2]This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(4th Cir. 2000); *Gray v. Waters*, 26 F. Supp. 2d 771, 771-72 (D. Md. 1998).

Petitioner's present petition is untimely. The statute of limitations began to run in petitioner's case on September 23, 1998. On February 17, 1999, over four months later, the limitations period was statutorily tolled when petitioner instituted post-conviction proceedings. Tolling ceased, however, when petitioner withdrew that petition on May 4, 1999. Given that petitioner did not file again for post-conviction relief until October 25, 2011—and that over 12 years had passed in the interim—petitioner's present petition falls outside the limitations period.

And equitable tolling is not appropriate here. Section 2244(d) is subject to equitable tolling "in appropriate cases." *Holland v. Florida,* 560 U.S. 631, 645 (2010). A petitioner is entitled to such tolling only if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris*, 209 F.3d at 329-30.[3]

Petitioner makes two arguments as to why the limitations period should be equitably tolled. Both are unavailing. Petitioner first argues that since he was "arrested on April 13, 1996[,]" before Congress enacted AEDPA, the one-year limitations period does not apply to him. ECF No. 7. Petitioner is mistaken. The limitations period commences "upon conclusion of *direct review* of a judgment of conviction," *Harris*, 209 F.3d at 327 (emphasis in original); that petitioner was *arrested* before AEDPA is irrelevant. Even assuming petitioner's conviction became final before April 24, 1996, it is now clearly established that he would have had one year from the effective date—that is, until April 24, 1997—to file a petition for writ of habeas corpus

---

[3] *See also Lusk v. Ballard*, No. 2:10CV5, 2010 WL 3061482, at *6 (N.D. W. Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.)

3

in federal court. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

Petitioner also argues that his claim should not be time barred because he is mentally handicapped, filed his petition pro se, and had counsel who "refus[ed] to put forth an adequate effort to meet [him]" and pursue his claims. ECF No. 4. This argument is likewise unavailing. Petitioner's pro se status and any attendant lack of knowledge of the law is not the type of extraordinary circumstance that would justify equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."). In short, the court does not find petitioner's arguments for equitable tolling compelling, particularly where twelve years have been allowed to pass. *See Rouse v. Lee*, 339 F.3d 238, 248-249 (4th Cir. 2003) (negligent mistake by party's counsel in interpreting AEDPA statute of limitations does not present extraordinary circumstances warranting equitable tolling); *see also Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with legal process or his lack of legal representation); *Smith v. McGinnis*, 208 F.3d 13, 18 (2nd Cir. 2000) (pro se status does not establish sufficient ground for equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171-173 (5th Cir. 2000) (lack of notice of AEDPA requirements and ignorance of the law are not rare and exceptional circumstances). Therefore, the petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen

the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.  Petitioner does not satisfy this standard, and the court declines to issue a certificate of appealability.

       A separate order follows.

October 31, 2014                                         /S/
Date                                                 Catherine C. Blake
                                                      United States District Judge